LIGHT v. OHIO CASUALTY INSURANCE COMPANY.

1. INSURANCE—AMBIGUITY—PAROL EVIDENCE—HUNTERS' ACCIDENT POLICY.

   Parol testimony as to coverage of a hunters' accident insurance policy is immaterial where the policy is unambiguous.

2. SAME—ACCIDENTAL DEATH—DISEASE—FINDING OF FACT.

   Findings of trial judge in nonjury action under hunters' accident insurance policy that death of insured did not result from accident or other physical occurrence within purview of policy and that policy was unambiguous *held*, supported by record.

Appeal from Oakland; Templin (Robert L.), J. Submitted Division 2 May 6, 1968, at Lansing. (Docket No. 3,901.)   Decided May 31, 1968.

Myrtle Light brought action on a hunters' accident insurance policy against the Ohio Casualty Insurance Company, a foreign corporation, for death of her husband, Floyd V. Light, while hunting. Judgment for defendant. Plaintiff appeals. Affirmed.

*Powell, Peres, Carr & Jacques,* for plaintiff.

*Metry, Metry, Sanom, Ashare & Goldman,* for defendant.

PER CURIAM. This nonjury action on a hunters' accident insurance policy resulted in a judgment of no cause of action.   Plaintiff appeals.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29A Am Jur, Insurance §§ 1912, 1914.
[2] 5 Am Jur 2d, Appeal and Error § 839.

We concur in the finding of the trial judge that the policy is unambiguous, and we find the parol testimony as to coverage is immaterial.

The trial court's finding that the death did not result from an accident or other physical occurrence within the purview of the policy is supported by the record.

Affirmed.

LESINSKI, C. J., and QUINN and MOODY, JJ., concurred.